IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD P. SHERIDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1848-P-BN |
| | § | |
| MAYOR MICHAEL RAWLINGS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from Chief Judge Jorge A. Solis. *See* Dkt. No. 7. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff Richard P. Sheridan's lawsuit should be dismissed without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On May 28, 2015, citing this Court's jurisdiction over allegations in the operative state court petition raising a federal question under 28 U.S.C. §§ 1331 and 1343(a), Defendant Mayor Michael Rawlings removed to federal court this action – then pending in the Justice Court of Dallas County, Texas, Precinct 1, Place 1. *See* Dkt. No. 1. Prior to removal, Plaintiff, who is proceeding *pro se*, filed a sworn statement attesting to his inability to pay the filing and service fees. *See* Dkt. No. 1 at 11-12.

As Chief Judge Solis noted in his order referring this case to the undersigned,

> Although Defendant paid the applicable filing fee upon removal to federal court, 28 U.S.C. § 1915(e)(2)(B) – under which a district court may dismiss *sua sponte* an *in forma pauperis* proceeding if it concludes that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief – applies to cases removed to federal court in which a plaintiff sought to proceed without prepayment of fees in state court.

Dkt. No. 7 at 1-2 (citing *Phillips v. City of Dallas*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015); *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014) (collecting cases)).

After the case was referred for screening and stayed pending further order of the Court on June 22, 2015, *see id.*, the Court entered a notice of deficiency on June 29, 2015, noting that, "because it appears Plaintiff is alleging, among other claims, violations of his constitutional rights, actionable under 42 U.S.C. § 1983," he was required to, no later than July 30, 2015, "submit a new and properly signed complaint by completing and signing the Court's form for filing a complaint under 42 U.S.C. § 1983, to be mailed to him by the Clerk," Dkt. No. 8 at 1-2. Plaintiff was further warned that the "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 2.

It is now more than one month past the deadline to comply with the Court's order, and it has been more than two months since the Court issued that order.

Plaintiff has failed to comply with the Court's order and has not otherwise communicated with the Court concerning this action.

## Legal Standards and Analysis

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

By not curing the deficiency the Court noted on June 29, 2015, as ordered, Plaintiff has prevented this action from proceeding and, therefore, has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies with the Court's previous order [Dkt. No. 8] by curing the deficiency noted therein, the Court should refer the case back to the undersigned United States magistrate judge for further screening.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 1, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE